# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ELITE GAMING TECH LLC, | ) ) ) Case No. |
| Plaintiff, | ) ) |
| v. | ) **JURY TRIAL DEMANDED** ) ) |
| MEDIATEK INC., | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Elite Gaming Tech LLC ("EGT" or "Plaintiff") for its Complaint against Defendants MediaTek Inc ("MediaTek" or "Defendant") alleges as follows:

## THE PARTIES

1. EGT is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 102 E. Crockett Street, Marshall, Texas 75670.

2. Upon information and belief, MediaTek is a Taiwanese corporation with its principal place of business located at No. 1, Dusing 1st Road, Hsinchu Science Park, Hsinchu City 30078 Taiwan, Republic of China. Upon information and belief, MediaTek does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENT-IN-SUIT

7. On November 8, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,963,947 (the "'947 Patent") entitled "Driver Supporting Bridge Method and Apparatus." A true and correct copy of the '947 Patent is available at: http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=06963947.

8. EGT is the sole and exclusive owner of all right, title, and interest in the '947 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. EGT also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

9.  EGT has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patent-in-Suit.  On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

10.  The '947 Patent generally relates to technology for dynamically rebalancing PCI to PCI bridges to overcome Operating System, BIOS, and Chipset limitations to allow for multiple level PCI buses.  The technology described by the '947 Patent was developed by inventors Alexei Piatesky and Frank W. Ahern.  For example, this technology is implemented in systems that contain PCI bridges so that multiple components work compatibly.  Infringing products include SoCs and/or associated software including, but not limited to, firmware and drivers, that provide compatibility with peripheral component interface bridges, including but not limited to the MT6XXX series SoCs, such as the MT6577, the MT7XXX series SoCs, such as the MT7622, the MT8XXX series SoCs, and the Helio series SoCs, such as the Helio x10.

11.  MediaTek has infringed and is continuing to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing chips, such as SoCs that infringe the Patent-in-Suit.  Upon information and belief, MediaTek chips are used in cell phones, laptops, computers, tablets, and televisions.

12.  For example, infringing MediaTek chips are used in Chromebook, Acer, and Lenovo laptops:



13. Upon information and belief, MediaTek Helio Series A, G, P, and X series chips are used in Android phones:



14. Upon information and belief, MediaTek MT5XXX series, MT6XXX series, and MT9XXX series chips are used in digital televisions, such as Samsung Televisions:

---

[1] https://i.mediatek.com/chromebook
[2] https://www.mediatek.com/products/smartphones

[3]

15. Upon information and belief, Mediatek MT8XXX series chips are used in tablets:

[4]

---

[3] https://www.mediatek.com/products/entertainment/digital-tv
[4] https://www.mediatek.com/products/laptops-and-tablets/tablets.

5

## COUNT I
**(Infringement of the '947 Patent)**

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '947 Patent.

18. Defendant has and continues to directly infringe the '947 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '947 Patent. Such products include but are not limited to chips, such as SoCs, that allow communications between buses. For example, the MediaTek SoCs allow for communication between the graphics, memory, PCI, USB, and I/O communicate with one another through the use of software and firmware such as drivers.

19. Defendant has and continues to directly infringe at least claim 1 of the '947 Patent by making, using, offering to sell, selling, and/or importing into the United States chips such as SoCs, that contain a bridge driver adapted to permit communications from a first communication bus to a second communication bus via a bridge. Upon information and belief, these bridge drivers are adapted to rebalance a multi-level PCI bridge-based computer system such as, for example, communications systems based on internal busses and external busses, such as the peripheral communication interface (PCI) bus, the advanced communications buss (ACB), and the PCI express bus (PCIe).

20. Defendant has and continues to indirectly infringe one or more claims of the '947 Patent by knowingly and intentionally inducing others, including MediaTek customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing

6

technology.

21. Defendant, with knowledge that these products, or the use thereof, infringe the '947 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '947 Patent by providing these products to end-users for use in an infringing manner.

22. Defendant has and continues to induce infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '947 Patent, but while remaining willfully blind to the infringement.

23. EGT has suffered damages as a result of Defendant's direct and indirect infringement of the '947 Patent in an amount to be proved at trial.

24. EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '947 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EGT prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the Patent-in-Suit;

      c.      An order awarding damages sufficient to compensate EGT for Defendant's infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

      d.      Entry of judgment declaring that this case is exceptional and awarding EGT its costs and reasonable attorney fees under 35 U.S.C. § 285; and

      e.      Such other and further relief as the Court deems just and proper.

Dated:  March 18, 2021                                  Respectfully submitted,

                                                            */s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
**RUBINO LAW LLC**
830 Morris Turnpike
Short Hills, NJ, 07078
Telephone: (973) 535-0920
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston

Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF,
ELITE GAMING TECH LLC.**